```
                                            ┌─────────────────────────────┐
                                            │           FILED             │
                                            │  CLERK, U.S. DISTRICT COURT  │
                                            │                             │
                                            │        8/30/2024            │
                                            │                             │
                                            │ CENTRAL DISTRICT OF CALIFORNIA │
                                            │ BY:        MMC      DEPUTY   │
                                            └─────────────────────────────┘
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

JIMMY GUILLEN,

      Defendant.

CR  2:24-CR-00523-GW

I N D I C T M E N T

[21 U.S.C. §§ 841(a)(1),
(b)(1)(B)(viii), (b)(1)(C):
Possession with Intent to
Distribute Methamphetamine,
Fentanyl, Heroin, Cocaine, and
PCP; 18 U.S.C. § 924(c)(1)(A)(i):
Carrying a Firearm During and in
Relation to, and Possessing a
Firearm in Furtherance of, Drug
Trafficking Crimes; 18 U.S.C.
§ 922(g)(1): Felon in Possession
of a Firearm and Ammunition;
18 U.S.C. § 924(d)(1), 21 U.S.C.
§ 853, and 28 U.S.C. § 2461(c):
Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about May 6, 2024, in Los Angeles County, within the Central District of California, defendant JIMMY GUILLEN knowingly and intentionally possessed with intent to distribute at least

five grams, that is, approximately 24.084 grams, of methamphetamine,
a Schedule II controlled substance.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about May 6, 2024, in Los Angeles County, within the Central District of California, defendant JIMMY GUILLEN knowingly and intentionally possessed with intent to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about May 6, 2024, in Los Angeles County, within the Central District of California, defendant JIMMY GUILLEN knowingly and intentionally possessed with intent to distribute heroin, a Schedule I narcotic drug controlled substance.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about May 6, 2024, in Los Angeles County, within the Central District of California, defendant JIMMY GUILLEN knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about May 6, 2024, in Los Angeles County, within the Central District of California, defendant JIMMY GUILLEN knowingly and intentionally possessed with intent to distribute phencyclidine ("PCP"), a Schedule II controlled substance.

1                       COUNT SIX

2             [18 U.S.C. § 924(c)(1)(A)(i)]

3     On or about May 6, 2024, in Los Angeles County, within the

4 Central District of California, defendant JIMMY GUILLEN knowingly

5 carried a firearm, namely, a Walther Arms, Model P22, .22 L.R.

6 caliber semi-automatic pistol, bearing serial number WA201556, during

7 and in relation to, and possessed said firearm in furtherance of,

8 drug trafficking crimes, namely, Possession with Intent to Distribute

9 Methamphetamine, in violation of Title 21, United States Code,

10 Sections 841(a)(1), (b)(1)(B)(viii), as charged in Count One of this

11 Indictment; Possession with Intent to Distribute Fentanyl, in

12 violation of Title 21, United States Code, Sections 841(a)(1),

13 (b)(1)(C), as charged in Count Two of this Indictment; Possession

14 with Intent to Distribute Heroin, in violation of Title 21, United

15 States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Three

16 of this Indictment; Possession with Intent to Distribute Cocaine, in

17 violation of Title 21, United States Code, Sections 841(a)(1),

18 (b)(1)(C), as charged in Count Four of this Indictment; and

19 Possession with Intent to Distribute PCP, in violation of Title 21,

20 United States Code, Sections 841(a)(1), (b)(1)(C), as charged in

21 Count Five of this Indictment.

7

COUNT SEVEN

[18 U.S.C. § 922(g)(1)]

On or about May 6, 2024, in Los Angeles County, within the Central District of California, defendant JIMMY GUILLEN knowingly possessed a firearm, namely, a Walther Arms, Model P22, .22 L.R. caliber semi-automatic pistol, bearing serial number WA201556, and ammunition, namely, 10 rounds of Cascade Catridge Inc. .22 caliber ammunition, each in and affecting interstate and foreign commerce.

Defendant GUILLEN possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number BA072675, on or about March 19, 1993;

2.    Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of Los Angeles, Case Number BA146280, on or about March 11, 1997;

3.    Unlawful Driving or Taking of a Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of San Bernardino, Case Number FSB022189, on or about April 8, 1999;

4.    Carrying Concealed Dirk or Dagger, in violation of California Penal Code Section 12020(a)(4), in the Superior Court for the State of California, County of Los Angeles, Case Number BA247895, on or about June 23, 2003;

5.    Transportation / Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11352(a), in

the Superior Court for the State of California, County of Los
Angeles, Case Number BA364174, on or about November 13, 2009;

6.  Unlawful Use of Tear Gas, in violation of California Penal
Code Section 22810(a), in the Superior Court for the State of
California, County of Los Angeles, Case Number BA396746, on or about
April 30, 2012;

7.  Carrying Concealed Dirk or Dagger, in violation of
California Penal Code Section 21310(a), in the Superior Court for the
State of California, County of Los Angeles, Case Number BA433209, on
or about June 16, 2015;

8.  Resisting an Executive Officer, in violation of California
Penal Code Section 69, in the Superior Court for the State of
California, County of Los Angeles, Case Number BA448164, on or about
July 13, 2016;

9.  Transporting a Controlled Substance, in violation of
California Health and Safety Code Section 11379(a), in the Superior
Court for the State of California, County of Los Angeles, Case Number
BA457677, on or about October 20, 2017;

10. Possession of a Controlled Substance for Sale, in violation
of California Health and Safety Code Section 11378, in the Superior
Court for the State of California, County of Los Angeles, Case Number
BA457677, on or about October 20, 2017;

11. Possession of a Controlled Substance with Possession of a
Firearm, in violation of California Penal Code Section 29800(a)(1),
in the Superior Court for the State of California, County of Los
Angeles, Case Number SA103109, on or about November 19, 2020;

12. Felon in Possession of a Firearm, in violation of
California Penal Code Section 29800(a)(1), in the Superior Court for

the State of California, County of Los Angeles, Case Number BA499320, on or about March 24, 2022; and

     13.  Felon in Possession of Ammunition, in violation of California Penal Code Section 30305(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number BA506181, on or about October 18, 2022.

1                          FORFEITURE ALLEGATION ONE

2                [21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

3        1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4    Procedure, notice is hereby given that the United States of America

5    will seek forfeiture as part of any sentence, pursuant to Title 21,

6    United States Code, Section 853, Title 18, United States Code,

7    Section 924, and Title 28, United States Code, Section 2461(c), in

8    the event of the defendant's conviction of the offenses set forth in

9    any of Counts One through Five of this Indictment.

10        2.    The defendant, if so convicted, shall forfeit to the United

11    States of America the following:

12                (a)  All right, title and interest in any and all property,

13    real or personal, constituting or derived from, any proceeds which

14    the defendant obtained, directly or indirectly, from any such

15    offense;

16                (b)  All right, title and interest in any and all property,

17    real or personal, used, or intended to be used, in any manner or

18    part, to commit, or to facilitate the commission of any such offense;

19                (c)  All right, title, and interest in any firearm or

20    ammunition involved in or used in any such offense; and

21                (d)  To the extent such property is not available for

22    forfeiture, a sum of money equal to the total value of the property

23    described in subparagraphs (a), (b), and (c).

24        3.    Pursuant to Title 21, United States Code, Section 853(p),

25    any defendant so convicted, shall forfeit substitute property if, by

26    any act or omission of said defendant, the property described in the

27    preceding paragraph, or any portion thereof: (a) cannot be located

28    upon the exercise of due diligence; (b) has been transferred, sold

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Six and Seven of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)    All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

1   substantially diminished in value; or (e) has been commingled with

2   other property that cannot be divided without difficulty.

3

4                                          A TRUE BILL

5

6                                          /S/
                                           _____
7                                          Foreperson

8   E. MARTIN ESTRADA
    United States Attorney
9
    MACK E. JENKINS
10  Assistant United States Attorney
    Chief, Criminal Division
11

12

13

14  SCOTT M. GARRINGER
    Assistant United States Attorney
15  Deputy Chief, Criminal Division

16  IAN V. YANNIELLO
    Assistant United States Attorney
17  Chief, General Crimes Section

18  BENEDETTO L. BALDING
    Assistant United States Attorney
19  Deputy Chief, General Crimes
    Section
20
    ALEXANDRA A. MICHAEL
21  KELSEY A. STIMSON
    Assistant United States Attorneys
22  General Crimes Section

23

24

25

26

27

28

                                14